SUCCESSORS OF SANDERS, PHILIPPI & CO., LTD., PLAINTIFFS AND APPELLEES, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action of Debt.

No. 2366.—Decided December 13, 1920.

APPEAL—DELAY OF STENOGRAPHER—NEGLIGENCE OF APPELLANT—TRANSCRIPT—VACATION.—Where neither the stenographer nor the appellant asks the district court for an extension of the time within which to prepare the transcript of the evidence, such an omission is not a delay on the part of the stenographer, but is negligence on the part of the appellant in prosecuting the appeal; therefore if the transcript of the evidence was filed with the clerk of the district court after the time allowed by law to the stenographer, no account will be taken of it; and it is no defense for the appellant that when the twenty days allowed by law to the stenographer expired the court was in vacation, for the motion for an extension of time could have been filed in time and seasonably considered.

The facts are stated in the opinion.

*Messrs. Valldejuly* and *González Mena* for the appellant.
*Messrs. García Méndez* and *García Méndez* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The question to be decided in this case is whether or not the appeal should be dismissed because the transcript of the record has not been filed in this court.

The appellees maintain that as the appeal was taken on July 14, 1920, and the transcript of the record has not been filed, the time allowed by law therefore has expired and for that reason the appeal should be dismissed. The appellees admit that on July 27, on the motion of the appellant, the court ordered that the stenographer prepare the transcript, but contend that as the transcript was not prepared within the twenty days allowed by law and the court granted no extension of time, the matter stands as if no motion had been made and the general rules governing the perfection of appeals where no statement of the case exists are applicable. It appears from a certificate issued by the clerk of the District Court of Aguadilla that the period of twenty days was not extended; that no action was taken from July 27 to October 19, and that the transcript was filed in his office on October 20.

The appellant opposes the motion of the appellees and exhibits an affidavit of the stenographer stating that the District Court of Aguadilla was in vacation during the months of August and September; that on July 29, at the appellant's instance, he transcribed the notes in the case, and that he delivered them to the clerk of the court on October 20, 1920.

The appellant maintains that as he appealed and availed himself of the advantages of Act No. 27 of 1917 in due time, he has not been negligent, and that it is not his duty, but the duty of the clerk of the district court, to file the transcript in the Supreme Court. The appellant alleges that neither the stenographer's negligence nor the negligence of the clerk, if any, can affect his rights, according to said Act No. 27 of 1917 and Act No. 81 of 1919.

After what has been said the conclusion is easily reached

that this case is governed by the principles established in the cases of *Vieira & Co.* v. *Reyes,* 28 P. R. R. 74, and *Mercado et al.* v. *Succession of Ferreiro,* 26 P. R. R. 433.

The fact that the district court was in vacation did not prevent the filing of a motion for an extension at least. Nor is the decision affected by the fact that on October 20 the stenographer finally delivered the transcript, for then the time allowed by law therefor had expired.

The motion for dismissal was made on November 15 and it is well to observe that even yet the transcript of the record has not been filed.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.